UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

MARKISHA S. BRADLEY, an individual            Civ. No. 3:12-CV-01599-AC

                                    Plaintiff,            FINDINGS AND
                                                          RECOMMENDATION
        v.

HOT TOPIC, INC., a foreign corporation,

                                    Defendant.

_____

ACOSTA, Magistrate Judge:


*Introduction*

        Plaintiff Markisha Bradley ("Bradley") brings this action against Defendant Hot Topic,

Inc. ("Hot Topic") seeking declaratory, injunctive, and monetary relief for violations of the

Family Medical Leave Act ("FMLA"), the Oregon Family Leave Act ("OFLA" or "Act"), and

for wrongful discharge because she was terminated after seeking leave from work due to a

serious medical condition.

Hot Topic now moves to dismiss Bradley's third and fourth claims for relief arising under OFLA because they are time-barred by the relevant statute of limitations. Hot Topic also seeks to dismiss Bradley's fifth claim for relief for common law wrongful discharge because it is preempted by the availability of adequate statutory remedies. Alternatively, Hot Topic argues that Bradley cannot maintain a wrongful discharge claim if her OFLA claims fail as a matter of law. (Amended Motion to Dismiss, Dkt. No. 13.)

<em>Background</em>

Hot Topic is a private, foreign corporation that operates Torrid, a national chain of plus-size fashion specialty stores. (Bradley First Amended Complaint ("First Am. Compl.") at ¶ 3.) Bradley began working at the Torrid store located at the Lloyd Center shopping mall in Portland, Oregon during November of 2007. *Id.* at ¶¶ 5-6. In approximately September of 2010, Bradley's doctor diagnosed her with a blood clot in her right calf and instructed her to stay off her feet as much as possible for a period of time. *Id.* at ¶¶ 9-10. Bradley provided the store manager, Valerie Anderson-Williams ("Anderson-Williams"), a doctor's note describing her condition and indicating she could not work for approximately one month or until further notice. *Id.* at ¶¶ 8, 10. Anderson-Williams called the note "a fake" and insisted that Bradley be available two days or more per week. *Id.* at ¶ 12. Despite Bradley's attempts to provide sufficient medical notice by having notes sent directly to Anderson-Williams from her doctor's office, Anderson-Williams continued to claim the notes were "fake" and insist that Bradley be available at least two days each week or she would be terminated. *Id.* at ¶¶13-15.

Sometime in October of 2010, Bradley received a voicemail from a co-worker stating she was two hours late for work. Bradley had not yet been cleared by her doctor to return and was unaware she was supposed to work that day. *Id.* at ¶ 16. Over the next few weeks, Bradley

attempted to follow up with Anderson-Williams over the phone and by visiting the store, but was repeatedly told Anderson-Williams was not in or was otherwise unavailable. Bradley was not placed on the schedule to work during that time. *Id.* at ¶ 18. Finally, on February 15, 2011, Anderson-Williams called Bradley and, after Bradley refused to either be available at least two days per week or resign verbally over the phone, Anderson-Williams terminated Bradley's employment as of February 15, 2011. *Id.* at ¶ 20.

Bradley filed an initial complaint on July 31, 2012, in Multnomah County Circuit Court, alleging disability discrimination and retaliation for opposing discrimination in violation of Oregon law. (Notice of Removal, Attachment A, at ¶¶ 18-28.) After Hot Topic removed the case to federal court based on diversity jurisdiction, Bradley filed her First Amended Complaint on September 28, 2012, and alleged violations of her statutory rights under FMLA and OFLA, and her common law right against wrongful discharge. (First Am. Compl. ¶¶ 21-52.) Hot Topic now moves to dismiss Bradley's third claim for interference with her OFLA rights, her fourth claim alleging retaliation for invoking an OFLA provision, and her fifth claim for common law wrongful discharge.

*Standards*

Rule 8(a) governs pleadings and calls for a "short and plain statement of the claim showing that the pleader is entitled to relief . . . ." FED. R. CIV. P. 8(a). A motion to dismiss premised on Rule 12(b)(6) argues that the allegations in the complaint are insufficient to state a claim for relief. FED. R. CIV. P. 12(b)(6). In *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), the Court emphasized the need to include sufficient facts in the pleading to give proper notice of the claim and its basis: "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his

'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (alteration omitted).  Even so, the court noted that a "well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'"  *Id.* at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Court identified two principles informing the decision in *Twombly*.  First, the court must assume true all facts asserted in a pleading, but it need not accept as true any legal conclusions set forth in a pleading.  *Id*. at 679-80.  Second, the complaint must set forth a plausible claim for relief, not one that is merely possible.  *Id*. at 678.  The Court advised that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-158 (2d Cir. 2007)).  In conclusion, the Court wrote: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief."  *Id.*

The Ninth Circuit further explained the *Twombly-Iqbal* standard in *Moss v. U.S. Secret Service*, 572 F.3d 962 (9th Cir. 2009).  The *Moss* court reaffirmed the *Iqbal* holding that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Moss*, 572 F.3d at 969 (quoting *Iqbal*, 556 U.S. at 663).  The court in *Moss* concluded by stating: "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable

inferences from that content must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id*. at 969.

On a motion to dismiss for failure to state a claim, the court must take as true all allegations of material fact, construing them in the light most favorable to the nonmoving party. *Am. Family Ass'n, Inc. v. City & County of San Francisco*, 277 F.3d 1114, 1120 (9th Cir. 2002). The court's review is limited to the face of the complaint, any documents intrinsic to the complaint, and those matters of which the court may properly take judicial notice. *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). Otherwise, as a general matter, a district court may not consider any material outside of the pleadings when ruling on a Rule 12(b)(6) motion to dismiss. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

The parties do not dispute that the court has removal jurisdiction over this action under 28 U.S.C. § 1441 *et seq*. and supplemental jurisdiction over Bradley's state law claims pursuant to 28 U.S.C. § 1367.

*Discussion*

I.  Oregon Family Leave Act claims

Hot Topic moves to dismiss Bradley's claims for interference and retaliation arising under the Oregon Family Leave Act, Oregon Revised Statutes ("ORS") §§ 659A.150-659A.186, because they are barred by the applicable statute of limitations. Bradley does not oppose the dismissal of her interference claim. (Bradley Response Memorandum at 1.) At oral argument, Bradley also conceded the dismissal of her retaliation claim. Accordingly, Bradley's OFLA claims should be dismissed.

/
/
/
/

II.  Common law wrongful discharge claim

Hot Topic also moves to dismiss Bradley's common law claim for wrongful discharge. In Oregon, employment is "at-will" and an employee can be fired at any time and for any reason, so long as the termination does not violate any contractual, statutory, or constitutional requirement.  *Patton v. J.C. Penney Co.*, 301 Or. 117, 120, 719 P.2d 854 (1986), *abrogated on other grounds by McGanty v. Staudenraus*, 321 Or. 532, 901 P.2d 841 (1995).  The tort of wrongful discharge is a narrow exception to the general "at-will" rule that recognizes "there can be circumstances in which an employer discharges an employee for such a socially undesirable motive that the employer must respond in damages for any injury done."  *Dunwoody v. Handskill Corp.*, 185 Or. App. 605, 609-10, 60 P.3d 1135 (2003) (quoting *Nees v. Hocks*, 272 Or. 210, 218, 536 P.2d 512 (1975)).

Wrongful discharge claims can be brought in two situations: (1) when an employee is terminated for fulfilling a societal obligation, such as jury duty; or (2) when an employee is discharged for pursuing an important constitutional, statutory, or common law right related to his or her role as an employee, for example filing a workers' compensation claim.  *Babick v. Or. Arena Corp.* 333 Or. 401, 407, 40 P.3d 1059 (2002) (citing *Brown v. Transcon Lines*, 284 Or. 597, 613, 588 P.2d 1087 (1978); *Nees*, 272 Or. at 220).

Under Oregon law, wrongful discharge is an "interstitial tort," designed as a gap-filler to provide relief where statutory remedies are inadequate to fully vindicate a violation of public policy.  *Dunwoody*, 185 Or. App. at 613.  Accordingly, a wrongful discharge claim is preempted by available statutory remedies where those remedies are sufficient to protect the interests of both society and employees, or where the legislature intended to supersede any common law remedy for damages.  *Reid v. Evergreen Aviation Ground Logistics Enters., Inc.*, Civil No. 07–

1641–AC, 2009 WL 136019, at *16-20 (D. Or. Jan. 20, 2009) (concluding, after a thorough examination of decisions from Oregon state courts and this district, that the test for preemption is disjunctive) (citations omitted).

Hot Topic argues that Bradley's wrongful discharge claim is precluded by the statutory remedies available under FMLA and OFLA, including the potential to recover compensatory damages, liquidated damages, attorney fees, and costs.  ORS § 659A.885(1) (2012); 29 U.S.C. § 2617(a)(1) (2012).  However, those statutes do not provide for noneconomic damages such as emotional distress, and the Oregon Court of Appeals has held that "statutory remedies for wrongful discharge that do not cover emotional injuries are not normally treated as 'adequate' for purposes determining the exclusivity of the statutory remedy."  *De Bay v. Wild Oats Mkt., Inc.*, 244 Or. App. 443, 451, 260 P.3d 700 (2011) (citing *McCool v. Hillhaven Corp*, 97 Or. App. 536, 540, 777 P.2d 1013, *rev. den.*, 308 Or. 593, 784 P.2d 1100 (1989)).  Courts in this district have similarly held that the statutory remedies available under OFLA or FMLA do not preempt a wrongful discharge claim because they do not authorize noneconomic damages for emotional distress.  *Pacosa v. Kaiser Found. Health Plan of the Nw.*, No. 09–CV–1137–BR, 2011 WL 208205, at *14 (D. Or. Jan. 21, 2011);  *Wolf v. Ron Wilson Ctr. for Effective Living, Inc.*, No. CV–10–296–HU, 2010 WL 4638888, at *3 (D. Or. Nov. 8, 2010) (citing *Maxwell v. Kelly Servs., Inc.*, No. 09–CV–405–PK, 2010 WL 2720730, at *13-14 (D. Or. July 7, 2010)); *Sanders v. City of Newport*, Civ. No. 07–00776–TC, 2008 WL 2234085, at *12 (D. Or. May 30, 2008) (citing *Farrell v. Tri-County Metro. Trans. Dist. of Or.*, No. CV 04–296–PA, 2006 WL 1371656, at *1 (D. Or. May 15, 2006)).  Bradley seeks noneconomic damages in the amount of $75,000 for her alleged anxiety, distress, and loss of enjoyment of life as part of her wrongful discharge claim.  (First Am. Compl. ¶ 51.)  Because OFLA and FMLA do not authorize the recovery of

noneconomic damages, the court finds that the statutory remedies are not adequate to protect Bradley's and society's interests, and thus do not preempt Bradley's wrongful discharge claim.

Hot Topic further asserts that even if Bradley's wrongful discharge claim is not preempted by statutory remedies, it should fail as a matter of law because her OFLA claims are time-barred. Hot Topic argues that *Ladendorff* stands for the proposition that a plaintiff cannot bring a successful wrongful discharge claim if the plaintiff's OFLA claims fail because "Oregon law provides no common law remedy to those who are not entitled to coverage under the statute evincing the public policy." *Ladendorff v. Intel Corp.*, Civil No. 026–6259–AS,[1] 2004 WL 5843109, at *14 (D. Or. Mar. 19, 2004), *vacated*, Stipulated Judgment of Dismissal With Prejudice at 1-2, *Ladendorff*, 2004 WL 5843109, CM-ECF No. 86 (D. Or. Apr. 13, 2005). Though there is some ambiguity about whether, in light of the Stipulated Dismissal, *Ladendorff* is still good law, its application to the present case would not require dismissal of Bradley's wrongful discharge claim.

The plaintiff in *Ladendorff* was injured in a car accident in March of 2001, and was granted medical leave from March 30, 2001, to April 23, 2001. She briefly returned to work in late April, but again requested and was granted medical leave from May 9, 2001, to July 9, 2001. She returned to work on July 9, but was terminated on August 10, 2001. *Id.* at *2. She brought suit alleging, among others, retaliatory termination in violation of OFLA and wrongful discharge claims. The defendant argued that Oregon law did not recognize a claim for retaliation under OFLA and moved for summary judgment. *Id.* at *5, *14. After a comprehensive examination of the statutory and regulatory scheme in place at the time, as well as a number of decisions from other judges in the district, Judge Ashmanskas held that OFLA did not provide the plaintiff with

---

[1] The court notes the correct docket number for *Ladendorff* is Civ. No. 02–CV–6259–AS.

a claim based on retaliation for requesting medical leave. *Id.* at *7 (citing *Jacoban v. Fred Meyer Stores, Inc.*, CV–02–1550–BR (D. Or. Oct. 16, 2003); *Head v. Glacier Northwest, Inc.*, CV–02–373–MA (D. Or. Apr. 30, 2003); *Denny v. Union Pacific R.R. Co.*, CV–00–1301–HU (D. Or. Oct. 31, 2002)).[2]  The court then granted the defendant's motion for summary judgment on the wrongful discharge claim because OFLA did not recognize a right against retaliatory discharge.  A wrongful discharge claim, the court reasoned, was available only if "an employer terminate[d] an employee for reasons that [were] against public policy," and since the "statute evincing the public policy" of the Oregon Legislature did not protect against retaliatory termination, the plaintiff's wrongful discharge claim failed.  *Id.*  It was not, as Hot Topic argues, simply that the plaintiff's OFLA claim failed as a matter of law that doomed her wrongful discharge claim, but rather that her termination did not implicate any stated public policy at the time.

Statutory changes enacted since *Ladendorff* dictate a different result in the present case. The Oregon Legislature amended ORS § 659A.183(2) in 2007 to make it an unlawful practice for an employer to  "[r]etaliate or in any way discriminate against an individual with respect to hire or tenure or any other term or condition of employment because the individual has inquired about the provisions of [OFLA], submitted a request for family leave or invoked any provision of [OFLA]."  OR. REV. STAT. § 659A.183(2) (2012); 2007 Or. Laws Ch. 777 (H.B. 2635).  The current version of the statute demonstrates that protecting an employee against retaliation for invoking a provision of OFLA is an important public policy of the Oregon Legislature.  Here

---

[2] It should be noted that *Ladendorff* and the District of Oregon cases the court cited were decided before the Oregon Court of Appeals in *Yeager v. Providence Health System Or.*, 195 Or. App. 134, 96 P.3d 862 (2004), held that the statute in place at the time did, in fact, permit a retaliation claim.

Bradley, unlike the plaintiff in *Ladendorff*, seeks to vindicate an alleged violation of a public policy set forth in the Oregon statutes.

Moreover, Hot Topic's argument that Bradley's wrongful discharge claim should be dismissed as a matter of course if her underlying statutory retaliation claim is time-barred fails to recognize the independence of the two causes of action.  Under Oregon law, a plaintiff can bring a common law wrongful discharge claim based on an employer's retaliatory termination after a good faith assertion of an OFLA right, even if the actual OFLA claim is invalid or unsuccessful. *Yeager v. Providence Health System Or.*, 195 Or. App. 134, 141-43, 96 P.3d 862 (2004); *see also Dunn v. CSK Auto, Inc.*, No. CV-05-116-HU, 2006 WL 1491444, at *7 (D. Or. May 22, 2006) (citing *Yeager*, 195 Or. App. at 141-43) ("[T]he invalidity of the actual OFLA claim is not an impediment to asserting a common law wrongful discharge claim based on a theory that one was discharged in retaliation for one's good faith assertion of an OFLA right.").

The plaintiff in *Yeager* brought, among others, a wrongful discharge claim against her former employer after she was terminated for seeking an extension of a previously-approved OFLA medical leave.  *Yeager*, 195 Or. App. at. at 136-37.  Even though the plaintiff was not yet eligible to take OFLA-protected leave because she had not been employed for the required 180 days, public policy favored "allowing [common law] retaliation claims for good faith invocation of statutory right, whether or not that right actually exists."  *Id.* at 141.  The potential risk, the court reasoned, that employees might not pursue statutory rights for fear of employer retribution and the benefit of protecting from termination employees who erroneously, but in good faith, invoked those rights far outweighed the risk of encouraging potentially unfounded OFLA claims. *Id.* at 142.

If the court were to adopt Hot Topic's argument, it would open the door for retaliatory termination of employees who, though they exercised their OFLA rights in good faith, were not actually covered by the statute. Such a result directly contradicts prior Oregon case law and the stated policy behind a wrongful discharge claim: to serve as a gap-filler where statutory remedies are inadequate to fully vindicate a violation of public policy.

Finally, the statute of limitations for a wrongful discharge claim is two years. *See* OR. REV. STAT. § 12.110(1). Linking the validity of the wrongful discharge claim to the timeliness of the OFLA claim essentially would reduce the statute of limitations of a common law wrongful discharge claim to one year. This result would be contrary to Oregon statutory and decisional law, and Hot Topic cites not authority for such a result. Accordingly, Hot Topic's argument fails and its motion to dismiss Bradley's wrongful discharge claim should be denied.

*Conclusion*

For the reasons stated above, Hot Topic's amended motion to dismiss (Dkt. No. 13) Bradley's third and fourth claims for interference and retaliation arising under OFLA should be granted. Hot Topic's motion to dismiss Bradley's common law wrongful discharge claim, however, should be denied.

*Scheduling Order*

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due May 2, 2013. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a

/
/
/
/
/

copy of the objections. When the response is due or filed, whichever is earlier, the Findings and Recommendation will go under advisement.

DATED this 17th day of April, 2013.

/s/ John V. Acosta

JOHN V. ACOSTA

United States Magistrate Judge